Aaron J. Tolson, Esq.
LEGAL LOGIC CHARTERED
1906 Jennie Lee Dr.
Idaho Falls, Idaho, 83404
Email: ajt@aaronjtolsonlaw.com
Telephone: 208-228-5221
Fax: 208-228-5200
I.S.B. 6558

Attorney for Debtor

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF IDAHO

| | | |
|---|---|---|
| SHAWN CUTTING, and JANINE CUTTING, | ) ) ) | Case No. 25-20068 |
| Debtors. | ) ) | |
| | ) | |
| ACTING UNITED STATES TRUSTEE | ) ) | Adversary Case No. 25-7006 |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| SHAWN CUTTING and JANINE CUTTING, | ) ) ) | |
| Defendant. | ) ) ) | |

## AMENDED ANSWER TO COMPLAINT OBJECTING TO DISCHARGE UNDER 11 U.S.C. §727(a)

COMES NOW the Defendants, Shawn Cutting and Janine Cutting, by and through their counsel of record, Aaron J. Tolson, and hereby amends their answers to the *Complaint Objecting to Discharge Under 11 U.S.C. §727(a)* ("Complaint") as follows:

1.      Plaintiffs' Complaint fails to state a claim for which relief can be granted against Defendants, Shawn Cutting and Janine Cutting.

1-      AMENDED ANSWER TO COMPLAINT OBJECTING TO DISCHARGE

2.     Defendants specifically deny each and every allegation thereof not herein specifically admitted.

3.     Defendants admit Paragraphs 1 through 10 of the Plaintiffs' Complaint.

4.     Defendants deny Paragraph 11 of the Plaintiff's Complaint.

5.     Defendants admit Paragraphs 12 through 14 of the Plaintiff's Complaint.

6.     Defendants deny Paragraph 15 of the Plaintiff's Complaint, and adds that there were more intervening steps.

7.     Defendants admit Paragraphs 16 through 25 of the Plaintiff's Complaint.

8.     Defendants deny Paragraph 26, and adds that the Trust took out the loan.

9.     Defendants deny Paragraph 27 and 28 of the Plaintiff's Complaint.

10.     Defendants admit Paragraph 29 of the Plaintiff's Complaint.

11.     Defendants admit Paragraph 30 of the Plaintiff's Complaint in that the accusations were made, but deny that they are accurate.

12.     Defendants deny Paragraph 31 of the Plaintiff's Complaint and add that the house was started in 2005 and money made prior to crypto.

13.     Defendants deny Paragraph 32 of the Plaintiff's Complaint and adds that any inference that the Judgment is final is in dispute.

14.     Defendants admit Paragraph 33 of the Plaintiff's Complaint.

15.     Defendants admit Paragraph 34 of the Plaintiff's Complaint, but note that it was not and intentional omission.

16.     Defendants admit Paragraph 35 of the Plaintiff's Complaint to the best of their knowledge.

17.     Defendants admit Paragraph 36 of the Plaintiff's Complaint and add that it is Debtor's understanding Petitioners are no longer pursuing the claim, plus the SEC is seeking

2-     AMENDED ANSWER TO COMPLAINT OBJECTING TO DISCHARGE

restitution for Powells, among others.

18. Defendants admit Paragraphs 37 and 38 of the Plaintiff's Complaint.

19. Defendants deny Paragraph 39 of the Plaintiff's Complaint and add that My Brown Gal was not a functioning business till May, and Blackout was disclosed.  As the umbrella for any of the business was owned by the trust.

20. Defendants admit Paragraphs 40 through 42 of the Plaintiff's Complaint.

21. Defendants deny Paragraph 23 of the Plaintiff's Complaint and add that this was trust property.

22. Defendants admit Paragraphs 44 through 46 of the Plaintiff's Complaint.

23. Defendants admit Paragraph 47 of the Plaintiff's Complaint and add that they used Venmo and Paypal because they could not get bank accounts.

24. Defendants admit Paragraph 48 of the Plaintiff's Complaint and add that Debtor has asked for further information which has not been available.

25. Defendants admit Paragraphs 49 through 61 of the Plaintiff's Complaint.

26. Defendants deny Paragraph 62 of the Plaintiff's Complaint and add that it was owned by the Trust.

27. Defendants admit Paragraph 63 of the Plaintiff's Complaint.

28. Defendants deny Paragraph 64 of the Plaintiff's Complaint and add that the Trust received the funds.

29. Defendants deny Paragraph 65 of the Plaintiff's Complaint and add that this was a trust transaction.

30. Defendants admit Paragraph 66 of the Plaintiff's Complaint.

31. Defendants deny Paragraph 67 of the Plaintiff's Complaint and add that this is more complex and has been explain about the mother-in-law was the owner.

3- AMENDED ANSWER TO COMPLAINT OBJECTING TO DISCHARGE

32. Defendants admit Paragraph 68 of the Plaintiff's Complaint, but add that this was mother-in-law's home.

33. Defendants admit Paragraph 69 of the Plaintiff's Complaint but add that the Sandpoint name was not build with Crypto money.

34. Defendants deny Paragraph 70 of the Plaintiff's Complaint and add that the money went to a contractor working for Lakeview Trust in part.

35. Defendants admit Paragraphs 71 through 73 of the Plaintiff's Complaint.

36. Defendants deny Paragraph 74 of the Plaintiff's Complaint and add that Debtor had no duty to discharge something that he did not hold or control.

37. Defendants deny Paragraph 75 of the Plaintiff's Complaint and add that Debtor had no duty to discharge something that he did not hold or control.

38. Defendants deny Paragraph 76 of the Plaintiff's Complaint and add that the Trust paid things, not Debtors.

39. Defendants admit Paragraph 77 of the Plaintiff's Complaint, but they were unrecorded business transfers.

40. Defendants admit Paragraphs 78 through 87 of the Plaintiff's Complaint.

41. Defendants deny Paragraph 88 and add that he can't access it.

42. Defendants deny Paragraph 89 and add that Debtor did not consider these as Crypto.

43. Defendants deny Paragraph 90 of the Plaintiff's Complaint and add that the Trust Owned all items.

44. Defendants admit Paragraphs 91 through 93 of the Plaintiff's Complaint.

45. Defendants admit Paragraph 94 of the Plaintiff's Complaint and add the business items should not be in a personal business.

4- AMENDED ANSWER TO COMPLAINT OBJECTING TO DISCHARGE

46. Defendants admit Paragraph 95 of the Plaintiff's Complaint and add that Debtor was charged with now publically amended crimes.

47. Defendants deny Paragraph 96 of the Plaintiff's Complaint and add that Debtor had to wait for his criminal attorney to authorize, and he now has offered that and has provided what they could.

48. Defendants admit and deny Paragraphs 1 through 96 as stated above in response to Paragraph 97 of Plaintiff's Complaint.

49. Defendants deny Paragraphs 98 through 100 of Plaintiff's Complaint.

50. Defendants admit and deny Paragraphs 1 through 100 as stated above in response to Paragraph 101 of Plaintiff's Complaint.

51. Defendants deny Paragraphs 102 through 104 of the Plaintiff's Complaint.

52. Defendants admit and deny Paragraphs 1 through 104 as stated above in response to Paragraph 105 of the Plaintiff's Complaint.

53. Defendants deny Paragraph 106 of the Plaintiff's Complaint.

54. Defendants admit Paragraph 107 of the Plaintiff's Complaint.

55. Defendants deny Paragraphs 108 through 110 of the Plaintiff's Complaint.

56. Defendants admit and deny Paragraphs 1 through 110 as stated above in response to Paragraph 111 of the Plaintiff's Complaint.

57. Defendants deny Paragraphs 112 through 115 of the Plaintiff's Complaint.

58. Defendants admit and deny Paragraphs 1 through 115 as stated above in response to Paragraph 116 of the Plaintiff's Complaint.

59. Defendants deny Paragraphs 117 through 118 of the Plaintiff's Complaint.

60. Defendants admit and deny Paragraphs 1 through 118 as stated above in response to Paragraph 119 of the Plaintiff's Complaint.

5- AMENDED ANSWER TO COMPLAINT OBJECTING TO DISCHARGE

61.    Defendants deny Paragraphs 120 through 124 of the Plaintiff's Complaint.

62.    Defendants admit and deny Paragraphs 1 through 124 as stated above in response to Paragraph 125 of the Plaintiff's Complaint.

63.    Defendants deny Paragraphs 126 through 128 of the Plaintiff's Complaint.

64.    Defendants admit and deny Paragraphs 1 through 128 as stated above in response to Paragraph 129 of the Plaintiff's Complaint.

65.    Defendants deny Paragraphs 130 through 132 of the Plaintiff's Complaint.

66.    Defendants admit and deny Paragraphs 1 through 132 as stated above in response to Paragraph 133 of the Plaintiff's Complaint.

67.    Defendants deny Paragraphs 134 through 136 of the Plaintiff's Complaint.

68.    Defendants admit and deny Paragraphs 1 through 136 as stated above in response to Paragraph 137 of the Plaintiff's Complaint.

69.    Defendants deny Paragraphs 138 through 139 of the Plaintiff's Complaint.

70.    Defendants admit and deny Paragraphs 1 through 139 as stated above in response to Paragraph 140 of the Plaintiff's Complaint.

71.    Defendants admit Paragraph 141 of the Plaintiff's Complaint.

72.    Defendants deny Paragraphs 142 through 143 of the Plaintiff's Complaint.

WHEREFORE, Defendants, Shawn Cutting and Janine Cutting, requests that Plaintiff take nothing by way of his Complaint, and Defendants asks for such other and further relief as is fair, proper, and equitable.

DATED this 14th day of January, 2026.

_____
Aaron J. Tolson
Attorneys for Defendants

6-    AMENDED ANSWER TO COMPLAINT OBJECTING TO DISCHARGE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January _15_, 2026, I filed a copy of the attached document with the Court via CM/ECF and the following parties are reflected as receiving the Notice of Electronic Filing as CM/ECF Registered Participants:

Brett R Cahoon     ustp.region18.bs.ecf@usdoj.gov

Additionally, a copy of the foregoing was served on the following parties by first class mail, postage perpaid, addressed to:

Aaron J. Tolson
Attorney at Law

7-      AMENDED ANSWER TO COMPLAINT OBJECTING TO DISCHARGE